UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARICELA LAREDO,<br><br>　　　　　Defendant. | Civil No. 08cr3282-LSP<br><br>ORDER DENYING REQUEST FOR CLARIFICATION WITH RESPECT TO COURT'S NOVEMBER 12, 2008 ORDER (DOC. # 26) |

　　　　On December 3, 2008, Defendant Maricela Laredo ("Defendant") filed a Request for Clarification With Respect To Court's November 12, 2008 Order. On December 8, 2008, the United States of America ("the government") filed an Objection to Defendant's Request for Clarification. The Court, having reviewed Defendant's Request and the government's Objections and GOOD CAUSE APPEARING, HEREBY DENIES Defendant's Request for Clarification.

　　　　Defendant contends that the Court's November 12, 2008 Order ("Order") fails to address the conduct and time period relevant to the charged regulation [41 C.F.R. §102-74.390] Defendant asserts that the conduct and time period is crucial to her defense because the charged regulation requires that a person *voluntarily* enter, and

be on, federal property. Therefore, that element of the charged regulation can not be satisfied once a person is handcuffed because that person is no longer voluntarily present on federal property.

The government argues that the Court has already ruled on Defendant's argument in this regard and that Defendant is asking the Court to make a factual determination based on facts that are not in evidence at this time.

The Court's November 12, 2008 Order Addressed Defendant's Arguments

a. Voluntariness

In the Court's Order discussing Defendant's vagueness challenge to the charged regulation, the Court noted that Defendant argued that she did not voluntarily enter on federal property, but instead, her presence was involuntary and that criminal liability may only attach to Defendant's voluntary entry and presence, which ended at the time she was handcuffed. The Court denied Defendant's vagueness challenge. (Order at 4-6)

Here, Defendant contends that the charged regulation, a general intent crime, requires a finding of voluntariness of the proscribed acts. Defendant cites U.S. v. Salazar-Gonzalez 458 F.3d 851 (9th Cir. 2006) in support of her argument.

In Salazar-Gonzalez, the Court found that proof of being "found in" the United States, a general intent crime in violation of 8 U.S.C. § 1326, requires a finding of voluntariness.

However, in U.S. v. Salazar-Robles, 207 F.3d 648, 650 (9th Cir. 2000), the defendant therein posited a similar argument that was rejected by the court. In Salazar-Robles, the defendant was found in a state prison and contended that he could not be convicted for the crime of being "found in" a place in which he did not

voluntarily put himself.  The Ninth Circuit rejected the argument by explaining that "'being found' is an element of the offense; but it is a passive state, not requiring proof of a voluntary act. The voluntary element consisted of (the defendant's) return." U.S. v. Parga-Rosas 238 F.3d 1209, 1214 (9th Cir. 2001)

Further, a voluntary act is one in which the individual has the ability to choose his/her course of conduct.  The only question is whether the person could have refrained from doing an act or whether he/she was controlled by some irresistible power.  If he/she could have refrained, the act is voluntary; but if he/she was impelled by some irresistible force, it is involuntary. U.S. v. Loera 923 F.2d 725, 728 (9th Cir. 1991)

From the charging documents, it appears that Defendant voluntarily entered and was on federal property.  Even after Defendant was handcuffed, and according to the charges against her, she had the ability to voluntarily choose her course of conduct and could have refrained from acting as alleged.  Her alleged acts after being handcuffed are not described as being impelled by an irresistible force.  Rather, her acts are described as voluntary.

Further, Defendant appears to argue that since §1326 is a general intent crime which requires proof of voluntariness, so too does 41 C.F.R. §102-74.390. Defendant argues that the analysis in Salazar-Gonzalez is "directly analogous" to the charged regulation "in that it is a general intent offense that requires... a defendant enter, and be on, federal property." (Request for Clarification at 3) Defendant does not cite any authority for this proposition.  To the contrary, the cases interpreting the charged regulation (cited in the Court's Order) do not describe or discuss a finding of

voluntariness.

Moreover, even if the Court were to adopt Defendant's interpretation of the voluntariness and knowledge requirement (which it does not), whether Defendant acted voluntarily during her contact with the officers is a factual issue to be decided at the trial of this matter.

Nevertheless, if Defendant wishes to continue to pursue her analysis in this regard, she may contact the Court for a further briefing schedule as to whether all general intent crimes require voluntariness and knowledge, and whether the general intent crime charged requires voluntariness and knowledge.

      b. Defendant's Request Requires The Court To Consider Facts
         That Are Not in Evidence

Defendant argues that her acts prior to being handcuffed were voluntary, while her acts after being handcuffed were involuntary. Defendant opposes this argument because the facts required to determine this issue are not in evidence.

The Court has already made clear in its Order that the only evidence before it at this time is the sworn Probable Cause Statement. ("P.C. St.") Defendant would have the Court look behind the P.C. St. and make findings regarding the voluntariness of her acts based on the P.C. St. and before the trial on this matter has commenced. The Court declines to do so. The Court has already ruled on the use of the videotape at trial, if the videotape is properly authenticated. The testimony of witnesses and the videotape should provide the Court with all it will need to evaluate and rule on the guilt or innocense of Defendant, including all the

1 | issues raised by the parties.
2 |       Therefore, Defendant's Request for Clarification is DENIED.
3 |
4 | DATED:   December 23, 2008
5 |
6 |
7 | _____
    Hon. Leo S. Papas
8 |     U.S. Magistrate Judge